UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSHUA DICKSON,

    Plaintiff,

v.                                                                         Case No:   5:13-cv-48-OC-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on January 29, 2013. Plaintiff, Joshua Dickson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **Affirmed** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I. Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A. Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On March 9, 2010, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income asserting a disability onset date of November 1, 1997. (Tr. p. 59, 164). Plaintiff's application was denied initially on May 26, 2010, and denied upon reconsideration on August 30, 2010, and October 7, 2010. (Tr. p. 60-63, 70-71, 73-74). A hearing was held before Administrative Law Janet Mahon ("ALJ") on November 14, 2011. (Tr. p. 31-55). The ALJ issued an unfavorable decision on December 9, 2011. (Tr. p. 12-23). On November 28, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-4). The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on January 29, 2013. This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, ___ Fed. App'x. ____, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 Fed. App'x. 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the Social Security Act's insured status requirements through September 30, 2007. (Tr. p. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 1997. (Tr. p. 14). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: "degenerative disc in the back and major depressive disorder (20 CFR 404.1520(c) and 416.920(c))." (Tr. p. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926). (Tr. p. 15). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 404.1567(a) and § 416.967(a) except that he must avoid concentrated exposure to hazards such as heights and machinery. (Tr. p. 15). The ALJ also limited the RFC of the Plaintiff to being able to perform simple, routine tasks with only occasional interaction with the public because of the Plaintiff's anxiety symptoms. (Tr. p. 16). The ALJ determined that Plaintiff could not return to his past relevant work as a nurse assistant, telephone solicitor, laundry laborer, store laborer, cashier/checker, and survey worker. (Tr. p. 21). The ALJ found that Plaintiff was 26 years old on the alleged onset day, and is a younger individual. (Tr. p. 21). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC there are jobs in significant numbers in the national economy that Plaintiff can perform such as document preparer/microfilming, <u>Dictionary of Occupational Titles</u> ("DOT") #249.587-018, sedentary in

exertional capacity, SVP2/unskilled in complexity; surveillance system monitor, DOT #379.367-010, sedentary in exertional capacity, SVP2/unskilled; and, pari-mutual ticket checker, DOT #319.587-010 sedentary in exertional capacity, SVP2/unskilled. (Tr. p. 22). The ALJ determined that the vocational expert's testimony was consistent with the information in the DOT. (Tr. p. 22). The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from November 1, 1997 through the date of the decision. (Tr. p. 22).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v.*

*Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises one issue on appeal.  As stated by Plaintiff, it is: the ALJ erred by failing to comply with Social Security Ruling 04-4p.  Plaintiff asserts that the ALJ erred in determining that the Plaintiff was able to perform the jobs of document preparer, ticket checker, and surveillance systems monitor because these jobs appear to be in conflict with the descriptions of these positions in the DOT, and the ALJ failed to provide a reasonable explanation for the conflict. The specific conflict Plaintiff raises is that these positions require a reasoning level of 3 in the DOT, however, the ALJ's hypothetical limited Plaintiff to simple, routine, repetitive work, therefore, the job descriptions in the DOT as to reasoning level for these three positions are in conflict with the ALJ's determination of Plaintiff's limitation to simple, routine, and repetitive work.  The Commissioner responds that the DOT General Educational Development ("GED") Level Three Reasoning is not necessarily inconsistent with an RFC that limits a claimant to simple, routine tasks.  The Commissioner asserts that all three jobs listed by the vocational expert have a specific vocational preparation ("SVP") of 2 which equates with unskilled work, and unskilled work includes by definition work involving understanding, remembering, and carrying out simple instructions, making simple work-related decisions, dealing with changes in a routine work setting, and responding appropriately to supervision, co-workers, and usual work situations, citing to SSR 96-9, 1996 WL 374185 at *9 (S.S.A.) (See, Doc. 24, p. 5).   The Commissioner also argues that even if there is a conflict between the vocational expert's testimony and the DOT, SSR 00-4p does not address the issue of what to do when a vocational

expert testifies that there is no conflict between the jobs listed by the vocational expert and the DOT, and the ALJ was unaware that a possible conflict might exist.

At the hearing, the ALJ provided a hypothetical which included that the individual was limited "to simple, routine tasks with only occasional interaction with the public." (Tr. p. 52). The vocational expert, Devin Lessne testified that this individual was able to work as a document preparer, microfilming DOT 249.587-018, with an SVP of 2; surveillance system monitor, DT 379.367-010, with an SVP of 2; and pari mutual ticket checker, DOT 219.587-010 with an SVP of 2. (Tr. p. 53). Plaintiff's representative at the hearing did not have any questions for the vocational expert. (Tr. p. 54). The ALJ asked the vocational expert, Mr. Lessne, "Is your testimony consistent with the DOT?" Mr. Lessne responded, "Yes, it is, your honor." (Tr. p. 54).

Prior to the promulgation of SSR 00-04p, the Eleventh Circuit considered the issue of a conflict between the testimony of a vocational expert and the definitions in the DOT. *Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999). The Eleventh Circuit held that when the vocational expert's testimony conflicts with the DOT, then the vocational expert's testimony "trumps" the DOT. *Id*. at 1230. The Court reasoned that the DOT is not comprehensive and provides occupational information on jobs in the national economy "and it instructs 'DOT users demanding specific job requirements [to] supplement th[e] data with local information detailing jobs within their community.'" *Id*. (citing Dictionary of Occupational Titles, Special Notice at xiii (4th ed. 1991) (other citations omitted). A method of supplementing the DOT is by obtaining the testimony of a vocational expert. *Id*.

The purpose of SSR 00-4p is to clarify the standards for use of a vocational expert at a hearing, and requires administrative law judges to "identify and obtain a reasonable explanation

for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT) . . ." SSR 00-4p.

> When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p. The Court notes that "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ." *Klawinski v. Commissioner of Social Security*, 391 Fed. App'x 772, 775 (11th Cir. 2010). Even though SSR 00-4p was promulgated after *Jones*, the Court does not find any cases which have overturned *Jones*.

In the instant case, the vocational expert testified as to jobs in the national economy that were available to an individual with the RFC of Plaintiff. The ALJ clearly asked the vocational expert if his testimony as to the three jobs of document preparer, microfilming; surveillance system monitor; and pari mutual ticket checker were consistent with the DOT. The vocational expert responded they were consistent. By clearly asking whether the jobs listed were consistent with the DOT, the ALJ complied with the requirements of SSR 00-4p. The vocational expert responded that his testimony was consistent with the DOT, and therefore, as far as the ALJ was concerned, there was no conflict and there was nothing to explain or resolve.

Plaintiffs is asking the Court to go one step further than SSR 00-4p, by requiring the ALJ to have an affirmative duty to independently investigate where there is a potential conflict between the vocational expert's testimony and the DOT, and not to allow the ALJ to rely on the vocational expert's testimony that the occupational evidence presented was consistent with the DOT. SSR 00-4p does not require an ALJ to independently investigate whether a conflict exists, it simply requires that that ALJ ask the vocational expert if a conflict does exist, and if a conflict exists, then the ALJ must explain and resolve the conflict. *See*, *e.g. Martin v. Commissioner of Social Security*, 170 Fed. App'x. 369, 374 (6th Cir. 2006) ("'Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct'" [citation omitted]). The Court found no precedent which requires an ALJ to independently investigate and not rely on the testimony of the vocational expert as to a conflict. In the instant case, Plaintiff had a representative with him at the hearing, and the representative did not ask any questions of the vocational expert nor raise the issue of any potential conflict between the testimony of the vocational expert and the DOT.

The ALJ followed SSR 00-4p and asked the vocational expert if his testimony was consistent with the DOT. The vocational expert testified that it was consistent. No conflicts were raised during the hearing by the vocational expert or by Plaintiff's representative. Neither case law nor SSR 00-4p require an ALJ to resolve a conflict that was not identified and was not otherwise apparent. The law in the Eleventh Circuit under *Jones, supra*, is that the vocational expert's testimony trumps the DOT, and therefore the ALJ may rely on the testimony of the vocational expert even if it is in conflict with the DOT. In this case, the ALJ did not err in relying on the vocational expert's testimony that his testimony was consistent with the DOT, and did not err in failing to explain or resolve any possible conflict.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided according to proper legal standards. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 13, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties